UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Antonio QUEZADA,
Defendant–Appellant.

No. 00–50053.
D.C. No. CR–99–01280–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Submission Vacated Dec. 22, 2000.

Resubmitted July 1, 2002.

Decided July 31, 2002.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

The judgment of the district court is affirmed.

## A. "Lookout" Testimony

Quezada did not object to the witness's "lookout" reference and the blinking light allusion did not constitute a "highly prejudicial error affecting substantial rights."[1] Accordingly, there was no plain error warranting a new trial.[2]

## B. Vienna Convention Violation

At the time the district court considered the import of the authorities' Vienna Convention violation, the law was more favorable to Quezada than it is now. In light of this court's *en banc* opinion in *United States v. Lombera–Camorlinga*,[3] it would be inappropriate to remand the case to the district court with instructions to accord still more weight in the voluntariness analysis to the authorities' failure to advise Quezada of his right to contact his consulate.

## C. Expert Testimony

We reject Quezada's various arguments regarding Agent Bench's expert testimony.

█ *United States v. Alatorre*[4] involved testimony strikingly similar to that at issue here, and in that case, we held that trial courts are not compelled to conduct pretrial hearings in order to discharge their gatekeeping function.[5] Thus, the district court's refusal to hold a *Kumho*[6] hearing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Gomez–Norena*, 908 F.2d 497, 501 (9th Cir.1990) (internal quotation and citation omitted).

2. *See United States v. Percy*, 250 F.3d 720, 728 (9th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 493, 151 L.Ed.2d 405 (2001) (reviewing for plain error when defendant did not object at trial to prosecutor's asserted misconduct and stating that plain error is one that affects substantial rights).

3. 206 F.3d 882 (9th Cir.), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 455 (2000).

4. 222 F.3d 1098 (9th Cir.2000).

5. *Id.* at 1100.

6. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

regarding Agent Bench's proffered testimony was not error.

■ Quezada did not raise a relevancy objection at trial to Agent Bench's drug-trafficking organization testimony. Furthermore, in light of the other evidence against Quezada—including the large discrepancies in his story and the fact that he became agitated when confronted with them—we find it unlikely that Agent Bench's brief testimony regarding drug trafficking organizations influenced the outcome of the case, even though the testimony was not relevant.[7] Thus, the district court did not commit plain error because admitting the testimony did not affect Quezada's substantial rights.

■ The district court should have sustained Quezada's objection to Agent Bench's drug-trafficking organization testimony on Rule 403 grounds because the testimony was not relevant and thus lacked any probative value. Given the other evidence against Quezada, however, this error was harmless.

The district court denied Quezada's motion to exclude Agent Bench's testimony because the court concluded that the Government met its disclosure obligations under Federal Rule of Criminal Procedure 16(a)(1)(E). This decision was not an abuse of discretion.[8]

### D. Apprendi

■ Quezada's argument that *Apprendi v. New Jersey*[9] rendered §§ 841 and 960 facially unconstitutional was foreclosed by *United States v. Buckland*[10] and *United States v. Mendoza–Paz*.[11] "*Apprendi* eschews the distinction between sentencing factors and elements of a crime."[12] Sections 841 and 960 merely have "separate statutory provisions governing [the] substantive offense and [the] sentencing factors,"[13] a structure wholly acceptable under *Apprendi*.[14]

■ Finally, §§ 841 and 960 are constitutional as applied to Quezada. Based solely on the facts the jury found, Quezada could have been sentenced to up to 120 months in prison.[15] His ninety-four-month sentence was thus well within the applicable statutory maximum. Accordingly, there was no as-applied *Apprendi* viola-

---

7. *See United States v. Vallejo*, 237 F.3d 1008, 1012, *as amended by* 246 F.3d 1150 (9th Cir. 2001) ("expert testimony regarding the general structure and operations of drug trafficking organizations is inadmissible where the defendant is not charged with a conspiracy to import drugs or where such evidence is not otherwise probative of a matter properly before the court").

8. *See United States v. Benavidez–Benavidez*, 217 F.3d 720, 723 (9th Cir.), *cert. denied*, 531 U.S. 903, 121 S.Ct. 242, 148 L.Ed.2d 174 (2000).

9. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

10. 289 F.3d 558 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

11. 286 F.3d 1104 (9th Cir.2002).

12. *Buckland*, 289 F.3d at 566.

13. *Id.* at 565.

14. *See id.* at 565–66; *see also Mendoza–Paz*, 286 F.3d at 1110 ("In *Buckland*, we made clear that *Apprendi* does not hold that Congress can no longer have separate statutory provisions governing a substantive offense and sentencing factors.... Finding *Buckland*'s reasoning equally applicable to Section 960, we hold that the statute is constitutional.").

15. *See* 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(H).

tion.[16]

AFFIRMED.

**16.** *See* 530 U.S. at 490 ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").